## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RICKEY D. BROWN**                                    **CIVIL ACTION**

**VERSUS**                                             **NO.  20-2933**

**DARREL VANNOY, WARDEN**                              **SECTION: "E"(3)**

### ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Dana Douglas, recommending Petitioner Rickey Brown's petition for Writ of Habeas Corpus[2] be dismissed with prejudice. Petitioner timely objected to the Magistrate Judge's Report and Recommendation.[3] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation[4] as its own and hereby **DENIES** Petitioner's application for relief.

### BACKGROUND

The detailed facts underlying this case are outlined in the Magistrate Judge's Report and Recommendation[5] by means of lengthy excerpts from the Louisiana First Circuit Court of Appeal's decision and need not be repeated here. However, a brief outline of certain material facts is useful for the resolution of this case.

Rickey Brown was found guilty of second-degree murder after a jury trial in early 2012. The murder of which he was found guilty occurred in 1980.[6] The body of a woman, later identified as Edith West, was found unclothed and tied to a cinder block in a pond

---

[1] R. Doc. 13.
[2] R. Doc. 1.
[3] R. Doc. 14.
[4] R. Doc. 13.
[5] *Id.*
[6] *State v. Brown*, No. 2013 KA 0560, 2014 WL 2711808, at *1 (La. App. 1st Cir. Apr. 30, 2014).

in Terrebonne Parish.[7] Although this defendant was a person of interest at the time, the case eventually went cold.[8] Some 20 years later, Mike Brown (of no relation to Rickey) contacted the police and advised them that he had information tying Rickey Brown to the murder of Edith West.[9] Although Mike Brown evidently "believed that he could reduce his possible prison sentence" in an unrelated narcotics case brought against him,[10] he testified at Rickey's trial that "he was not offered a plea deal or any other consideration as a result of the information he provided" concerning the Edith West murder.[11] Mike Brown also informed investigators of Vickie Brown (who had at one point been quasi-married to Rickey and who has since married another man with the surname Brown)[12], who may have information about the case. Vickie Brown likewise implicated Rickey in Edith West's murder, and law enforcement secured and executed an arrest warrant for Rickey Brown, who was subsequently indicted for Edith's murder.[13] At trial, both Mike and Vickie testified to conversations they had with Rickey in which Rickey confessed to taking part in Edith's murder.[14]

On appeal, Rickey challenged the sufficiency of the evidence marshaled against him,[15] violation of his right to a fair and impartial jury,[16] prosecutorial misconduct,[17] and

---

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at *3.

[12] As the state court put it: "Vickie Brown is of no relation to Mike Brown. The record reflects that she dated the defendant beginning in 1980 and married him in Oklahoma sometime thereafter. However, she was still legally married to someone else at the time she married the defendant. Vickie Brown and the defendant separated around 1983, but they never formally divorced, because Vickie Brown regarded their marriage as illegal. She has since remarried another man with the surname of Brown." *Id.* at *1 n.2.

[13] *Id.* at *1.

[14] *Id.* at *3.

[15] *Id.* at *2.

[16] *Id.* at *5.

[17] *Id.*

ineffective assistance of counsel.[18] The Louisiana First Circuit Court of Appeal affirmed Rickey's conviction and sentence.[19] The Louisiana Supreme Court denied his application for writ in September of 2015.[20]

In March of 2016, Rickey filed an application for post-conviction relief with the state district court; that petition was denied in 2019. Writ applications with the Louisiana First Circuit Court of Appeal were likewise denied in April[21] and September[22] of 2019, and the Louisiana Supreme Court denied writ in September of 2020.[23] Rickey subsequently filed this federal habeas petition. The Magistrate Judge now having written a Report and Recommendation, the Court reviews.

## <u>STANDARD OF REVIEW</u>

In reviewing the Magistrate Judge's Report and Recommendations, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[24] As to the portions of the report not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[25] A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[26] The magistrate judge's legal conclusions

---

[18] *Id.* at *6.
[19] *Id.*
[20] *State ex rel. Brown v. State*, 177 So. 3d 1066 (La. 2015).
[21] *State v. Brown*, No. 2019 KW 0237, 2019 WL 1779459 (La. App. 1st Cir. Apr. 23, 2019).
[22] *State v. Brown*, No. 2019 KW 0829, 2019 WL 4748035 (La. App. 1st Cir. Sept. 30, 2019).
[23] *State v. Brown*, 301 So. 3d 1153 (La. 2020).
[24] *See* 28 U.S.C. § 636(b)(1)(C) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[25] *Id.* § 636(b)(1)(A).
[26] *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

are contrary to law when the Magistrate Judge misapplies case law, a statute, or a procedural rule.[27]

## **DISCUSSION**

Rickey Brown brought three claims in his application for federal postconviction relief: (1) denial of effective assistance of counsel at trial, (2) insufficient evidence to support a conviction, and (3) actual innocence.[28] The Magistrate Judge recommends all of Petitioner's claims be dismissed.[29] Petitioner objects generally to the Magistrate's Report and Recommendations but seems to object specifically to the recommendations concerning the first and second grounds for relief.[30] In brief, he again asserts his counsel was ineffective for allegedly prohibiting Brown from testifying at trial.[31] He also asserts the evidence against him primarily consisted of the "hearsay" testimony of two witnesses – Vickie Brown and Mike Brown – whose testimony must have been, Rickey contends, self-motivated.[32] The Court will review each of these objections in turn.

   1. *Ineffective Assistance of Counsel Claim*

The Sixth Amendment to the United States Constitution provides: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."[33] The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel.[34]

---

[27] *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014); *see also Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016) (internal quotation marks and citation omitted) ("A legal conclusion is contrary to law when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure.").
[28] *See* R. Doc. 1-1 at pp. 4-5.
[29] R. Doc. 13.
[30] R. Doc. 14.
[31] *Id.* at p. 4.
[32] *Id.* at pp. 2-4.
[33] U.S. Const. Amend. VI.
[34] *Strickland v. Washington*, 466 U.S. 668 (1984).

Ineffective assistance of counsel claims are reviewed under Strickland's two-prong standard: a habeas petitioner must "show that counsel's performance was deficient" and that "the deficient performance prejudiced the defense."[35] Deficient performance is established by showing "that counsel's representation fell below an objective standard of reasonableness."[36] In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight."[37] In other words, "judicial scrutiny of counsel's performance must be highly deferential."[38]

Here, Brown contends his counsel was ineffective for allegedly prohibiting him from taking the stand in his own defense. However, he fails to object to or even take note of the Magistrate's detailed evaluation of the record demonstrating that Brown's trial counsel testified explicitly she told Brown he could testify at trial if he so desired. In fact, counsel stated she "never" makes the decision as to whether or not the defendant will testify at trial, as "[i]t's not my decision to make."[39] Nor is the Magistrate the first judicial figure to evaluate this evidence. The state district court reviewed this same evidence and found: "Counsel['s] ... position is that that was always the decision to be made by the defendant. It was not her recommendation. The Court finds that that's what took place in connection with this case. She did not refuse to allow him to testify."[40] Brown presents no new evidence to suggest his counsel testified falsely and provided no reason for this Court

---

[35] *Id.* at 697.
[36] *Id.* at 688.
[37] *Bell v. Cone*, 535 U.S. 685, 702 (2002) (citation omitted).
[38] *Strickland*, 466 U.S. at 689.
[39] R. Doc. 13 at p. 9.
[40] State Rec., Vol. 2 of 4, transcript of January 23, 2019, p. 58.

to come to any other conclusion. Indeed, the record speaks strongly to finding Brown's counsel did not prohibit him from testifying. Moreover, even construing Brown's claim as a claim that counsel was ineffective for her recommendation that he not take the stand, the claim is without merit: "the decision whether to put a Defendant on the stand is a 'judgment call' which should not easily be condemned with the benefit of hindsight."[41] The record shows Rickey Brown was not prohibited from taking the stand; this claim must fall.

### 2. *Insufficient Evidence to Convict*

Alternatively, Brown suggests the evidence against him was insufficient as the primary evidence against him was "hearsay" testimony by supposedly self-motivated witnesses, namely, Vickie Brown and Mike Brown. As a mixed question of law and fact, this Court must defer to the state court's decision that this claim is not meritorious unless Brown can show the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[42] Under Supreme Court precedent, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[43] Brown, in his objections, states: "surely a reasonable jurist or judge would see red flags in this conviction … with only hearsay statements as the states' only evidence to convict."[44] The Court notes, firstly, "[a] statement offered against a party which is his own statement is a personal admission and is not hearsay by definition."[45] Second, the Court does not

---

[41] *United States v. Garcia*, 762 F.2d 1222, 1226 (5th Cir. 1985) (citation omitted).
[42] 28 U.S.C. § 2254(d)(1); Davila v. Davis, 650 F. App'x 860, 866 (5th Cir. 2016), aff'd, 137 S. Ct. 2058 (2017).
[43] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).
[44] R. Doc. 14 at p. 3 (cleaned up).
[45] *State v. Huff*, 660 So. 2d 529, 534 (La. Ct. App. 2 1995) (citing LCE Art. 801D(2)(a)).

agree with Rickey Brown that no rational trier of fact could have credited Vickie and Mike's statements. "[T]he assessment of the credibility of witnesses is generally beyond the scope of review" in habeas claims for insufficient evidence.[46] Certainly, the credibility of both Vickie and Mike was questioned at trial, but, contrary to Rickey's claim, the record suggests Mike Brown was given no consideration for his testimony.[47] Nor is there evidence to suggest that Vickie acted vindictively or without consideration for the truth. The Court will not second-guess the jury's determination that these two witnesses were credible. This claim too must fall.

## **CONCLUSION**

The Court finds no merit in Petitioner's objections. The Petitioner has failed to specifically object to the remaining findings of the Magistrate Judge, so the Court reviews them under a clearly erroneous or contrary to law standard. The findings are not clearly erroneous or contrary to law.

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Dana Douglas' Report and Recommendation[48] as its own and hereby **DENIES** Petitioner's application for relief.[49]

**IT IS ORDERED** that the above-captioned matter be **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 24th day of August, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[46] *Schlup v. Delo*, 513 U.S. 298, 330 (1995).
[47] *See supra*, n.11.
[48] R. Doc. 13.
[49] R. Doc. 1.